**United States District Court**

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

V.

JERMAINE ATLONE SWABY

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4207-SNOW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief that on or about August 23, 2000 in __Broward__ county, in the Southern District of Florida and elsewhere, the defendant did, knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to import into the United States from a place outside the United States a Schedule II controlled substance, that is cocaine; in violation of Title 21, United States Code, Section(s) 963 and Title 18, United States Code, Section 2.

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:
<sub>Official Title</sub>

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
RONALD KRISKE
UNITED STATES CUSTOMS SERVICE

Sworn to before me, and subscribed in my presence,

August 24, 2000           at   Fort Lauderdale, Florida
Date                           City and State

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Lurana S. Snow
Signature of Judicial Officer

**AFFIDAVIT**

I, Ronald Kriske being duly sworn, does hereby depose and state the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Miami, Florida, and have been employed as a Special Agent for Customs since 1998. Prior to becoming a Special Agent, I was employed as a Technical Enforcement Officer for Customs and served in that capacity for 11 years. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statues. The following information is based upon personal knowledge and that of my fellow agents and Customs Inspectors.

2. On or about August 23, 2000 at approximately 5:30 p.m., U.S. Customs in Fort Lauderdale, Florida, received information from Captain Nikolas Gizanis of the vessel "Ocean Breeze" that crew member JERMAINE ATLONE SWABY was being detained for attempting to reboard the vessel in Nassau Bahamas in possession of 3 kilograms of a substance believed to be cocaine.

3. According to Captain Gizanis, the "Ocean Breeze" is a passenger cruise ship owned by Imperial Majesty that travels exclusively from to and from Port Everglades, Florida to Nassau

Bahamas and back every other day. The "Ocean Breeze" is registered in Nassau Bahamas. At approximately 5:00 p.m. on August 23, 2000, crewmember JERMAINE SWABY attempted to reboard the vessel before the vessel departed for Port Everglades, Florida. While attempting to board the vessel, ship security observed SWABY carrying large lunch boxes. A search of the boxes revealed that they contained a substance believed to be cocaine. Ship security seized $3,126.00 from the person of SWABY at the time he attempted to board the vessel. The contraband and cash were secured by the ship security and SWABY was detained for surrender to U.S. Customs at Port Everglades, Florida.

4. At approximately 9:00 a.m. on August 24, 2000, the "Ocean Breeze" arrived at Port Everglades, Florida. Shortly thereafter, your Affiant boarded the vessel to question JERMAINE SWABY. SWABY was advised of his *Miranda* rights and signed a waiver. SWABY admitted that he was approached by an unknown black male with a Bahamian accent while at a restaurant in Nassau Bahamas and offered SWABY $3,000 to deliver 3 packages to another unidentified crewmember on the "Ocean Breeze." According to SWABY, he was supposed to be contacted by an unidentified crewmember after he boarded the vessel. SWABY stated that he believed the packages contained drugs because of the large amount of money he was being offered to carry them aboard the vessel.

5. U.S. Customs tested the contraband which tested positive for the presence of cocaine.

6. Your affiant submits that based on the facts there exists probable cause to believe that JERMAINE SWABY, did knowingly conspire other unknown individuals to import into the United States, from a place outside thereof cocaine, a Schedule II controlled substance, in violation of Title, 21 United States Code, Sections 963 and 952.

FURTHER YOUR AFFIANT SAYETH NAUGHT

RONALD R. KRISKE, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn to before me this
24th day of August, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

- 3 -