UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **00-6264**
21 U.S.C. §963
21 U.S.C. §952(a) **CR - DIMITROULEAS**
18 U.S.C. §2

**MAGISTRATE JUDGE
SNOW**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JERMAINE ALTONE SWABY,

        Defendant.

FILED by __ D.C.
SEP -7 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### INDICTMENT

The Grand Jury charges that:

### COUNT I

On or about August 23, 2000, at Broward County, Fort Lauderdale, in the Southern District of Florida, and elsewhere, the defendant,

**JERMAINE ALTONE SWABY,**

knowingly and intentionally combined, conspired, confederated and agreed with other persons unknown to the Grand Jury to commit an offense against the United States, that is, to knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, in excess of five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

**COUNT II**

On or about August 23, 2000 at Broward County, Fort Lauderdale, in the Southern District of Florida, and elsewhere, defendant,

**JERMAINE ALTONE SWABY**,

did knowingly and intentionally attempt to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, in excess of five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

**FORFEITURE SECTION**

1. The allegations contained in Counts I and II of this Indictment are re-alleged and incorporated by reference.

2. The defendant **JERMAINE ALTONE SWABY**, upon conviction of violating Title 21, United States Code, Section 963 as alleged in Counts I and II of this Indictment, shall forfeit to the United States any property constituting or derived from, any proceeds which the defendant **JERMAINE ALTONE SWABY** obtained directly or indirectly as a result of the said violations; and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of such violations, all in accordance with Title 21, United States Code, Sections 853(a)(1) and (a)(2).

3. Such forfeitures shall include, but are not limited to the following:

    (1) Approximately $3,126 in United States currency;

 4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred, or sold to, or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

            A TRUE BILL

            FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**          **CASE NO.** _____

v.                                    **CERTIFICATE OF TRIAL ATTORNEY***

JERMAINE ALTONE SWABY
_____

**Court Division**: (Select One)

**Superseding Case Information**
New Defendant(s)         Yes ____   No ____
Number of New Defendants ____
Total number of counts   ____

____ Miami   ____ Key West
_X_ FTL      ____ WPB   ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No) NO_____
   List language and/or dialect _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days          _X_       Petty     ____
   II   6 to 10 days         ____      Minor     ____
   III  11 to 20 days        ____      Misdem.   ____
   IV   21 to 60 days        ____      Felony    _X_
   V    61 days and over     ____

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____          Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) __Yes__
   If yes:
   Magistrate Case No.    __00-4207-Snow_____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)_____NO_____
7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No   If yes, was it pending in the Central Region? __ Yes __ No

8. Did this case originate in the Narcotics Section, Miami? __ Yes _X_ No

                                        _____
                                        SCOTT H. BEHNKE
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Court Bar No. A5500005

*Penalty Sheet(s) attached                                    REV.6/27/00

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

Defendant's Name:     JERMAINE ALTONE SWABY          No.

**Count #:1**
Conspiracy to Import 500 grams or more of cocaine
21 U.S.C. §963

Penalty: Mandatory minimum of five (5) years and maximum of up to 40 years' imprisonment and fine of up to $2,000,000.

**Count #: 2**
21 U.S.C. §963
Attempted importation of 500 grams or more of cocaine

Penalty: Mandatory minimum of five (5) years and maximum of up to 40 years' imprisonment and fine of up to $2,000,000.

**Count #:**

*Max. Penalty:

**Count #:**

*Max. Penalty:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96