UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6264-Cr-DIMITROULEAS/SNOW

**NIGHT BOX FILED**

SEP 2 2 2000

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

UNITED STATES OF AMERICA    )
                            )
            Plaintiff,      )
                            )
v.                          )    **GOVERNMENT'S RESPONSE TO THE**
                            )    **STANDING DISCOVERY ORDER**
                            )
JERMAINE ALTONE SWABY,      )
                            )
            Defendant.      )
_____)

The United States files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

    A.  1.  Attached, please find a copy of a written statement made by the defendant after his arrest and bate stamp numbered 01. Also included is a copy of the *Miranda* waiver signed by the defendant and bate stamp numbered 02.

        2.  Attached is an excerpted copy of an agent report reflecting a summary of the defendant's statement made to then known government agents which the government would introduce at the defendant's trial. This summary is bate stamp numbered 03.

        3.  No defendant testified before the Grand Jury.

        4.  The TECS II and NCIC criminal record inquiry of Mr. SWABY is attached and bate stamp numbered 04 through 09. The government is currently unaware of any prior convictions of the defendant.

        5.  Books, papers, documents, passports, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant are attached and are bate stamp numbered 0010 through 0023. The attachments to this discovery response are not



necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

      6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D. Information concerning any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of Giglio or Napue once compiled, will be furnished to the defendant at a reasonable time prior to trial.

E. The government is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. At this time, the government is unaware of any identification of the defendant made in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government is aware that the defendant may have participated in other importations of cocaine in the same manner and with the same conspirators as part of a large narcotics operation. Should the government acquire information concerning this ongoing conspiracy from independent sources and the defendant proceeds to trial in this matter, the government would seek to introduce evidence concerning the ongoing nature of the drug trafficking venture. It is the position of the government that this evidence is relevant to show motivation, knowledge, opportunity and *modus*

*operandi* on the part of the defendant, as well as involve facts which are inextricably intertwined with those relevant to the prosecution of the instant case. You are hereby on notice that all such evidence may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon request, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823, and 21 C.F.R. § 101.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples have been set aside to be used as evidence at trial.

L. The vessel used by the defendants to import the cocaine into the United States was the commercial passenger cruise vessel, the M/V "Ocean Breeze." Any arrangements to inspect the vessel should be made through Imperial Majesty Cruise Lines who owns and manages the vessel. The government in not currently in possession of any automobile, vessel, or aircraft allegedly used in the commission of this offense.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time:
        Date: August 23 and 24, 2000
        Place: Nassau Bahamas, international waters and Port Everglades, Fort Lauderdale, Florida.

The attachments to this response are numbered as indicated above. Please contact the undersigned Assistant United States Attorney if any pages are missing.

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: _____
    SCOTT H. BEHNKE
    ASSISTANT UNITED STATES ATTORNEY
    ATTORNEY NUMBER A5500005
    500 EAST BROWARD BLVD. SUITE 700
    FT. LAUDERDALE, FL.33394
    Tel: (954) 356-7255 ext. 3518
    Fax: (954) 356-7228
    E-mail:afls101.po.sbehnke@usdoj.gov

cc: Special Agent Ronald Kriske (USCS-Ft.L)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered to **Junior Farquharson**, attorney for JERMAINE ALTONE SWABY at 5546 W. Oakland Park Boulevard, Lauderhill, Florida 33313 this the 22nd day of September, 2000.

*[signature]*
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY